**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-2096 & 17-3312
_____

COLUMBIA GAS TRANSMISSION, LLC

v.

AN EASEMENT TO CONSTRUCT OPERATE AND
MAINTAIN A 20 INCH GAS TRANSMISSION PIPELINE
ACROSS PROPERTIES IN WASHINGTON COUNTY,
PENNSYLVANIA, OWNED BY ANGELO QUARTURE;
JESSICA QUARTURE, Parcel ID 520-015-00-00-0024-04
and 520-015-01-02-0019-00; SAMUEL KRAEER;
LORRAINE KRAEER, Parcel ID 600-002-00-00-0012-00;
WILLIAM E. GRIFFITH, JR.; PAMELA GRIFFITH,
Parcel ID 600-001-01-02-004-03 and
600-001-01-02-0004-02; PAUL CAMPBELL;
LISA CAMPBELL, Parcel ID 100-025-00-00-0001-01;
PATRICK MCLAUGHLIN; ANASTASIA MCLAUGHLIN,
Parcel ID 170-006-00-00-0004-001, 100-024-00-00-0003-00,
360-011-00-02-0048-00 and 170-006-00-00-0006-00;
BRUCE COEN; JANICE COEN,
Parcel ID 600-007-00-00-0045-00 and
600-007-00-00-0044-00; NANCY N. NERNBERG;
CAROL SOVCHEN, Parcel ID 600-007-00-00-0054-00
and 600-007-00-00-0056-00; *TERRY KUBACKA,
Parcel ID 600-007-00-00-0056-00; CARA DOBBIN,
Parcel ID 600-007-02-00-0003-13; DOUGLAS BURIG;
REBECCA BURIG, Parcel ID 600-004-02-00-0003-01 and
600-004-02-00-0003-06; EDWARD KOCI; LOIS KOCI,
Parcel ID 600-002-00-00-0010-02 and 600-002-00-00-0010-06;
GREGORY KLINE; ANN KLINE, Parcel ID 600-007-00-00-0001-11;
DAVID PODOLINSKY; KRISTIN PODOLINSKY,
Parcel ID 600-004-00-00-0001-10; ANGELO FALCONI;
PHILLIP FALCONI, Parcel ID 520-015-00-00-0026-00 and
170-006-00-00-0013-00; EDWARD C. MORASCYZK,
Trustee of the Angelo Falconi Irrevocable Trust

Parcel ID 600-001-00-00-0047-00 and 600-001-00-00-0047-01;
PRANCING HORSE FARMS, Parcel ID 300-001-00-00-0046-00;
AMANDA JEAN YETTER; JAMES YETTER,
Parcel ID 520-011-00-00-0003-13; STEPHAN STAYDUHAR;
KATHERINE STAYDUHAR, Parcel ID 520-001-00-00-0003-02;
UNKNOWN PERSONS AND INTERESTED PARTIES

Nancy Nernberg, Carol Sovchen, *Terry Kubacka,
Appellants

*(Dismissed pursuant to Clerk's Order of 12/28/17)

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2:16-cv-01243)
District Judge: Hon. Mark A. Kearney

_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 12, 2018

_____

Before: SHWARTZ, ROTH, and RENDELL, Circuit Judges.
(Filed:  August 9, 2018)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

Nancy Nernberg, Carol Sovchen, and Terry Kubacka (collectively, the

"Landowners") appeal from a jury verdict awarding them $47,000 as just compensation

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

for the condemnation of an easement for a natural gas pipeline across their property (the "Property") by Columbia Gas Transmission, LLC ("Columbia"). For the reasons set forth below, we will affirm.

I

Columbia is in the process of replacing steel pipelines near the Pennsylvania-West Virginia border to modernize its existing infrastructure. Columbia acquired the rights-of-way across most of the properties affected by the project, and in 2016, it filed a condemnation action in the United States District Court for the Western District of Pennsylvania, pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, to condemn additional property necessary to complete the project. Columbia condemned the rights-of-way across twenty-nine properties and settled with most of the property owners. Columbia and the Landowners agreed that Columbia would be granted access to the Property to begin construction of the pipeline, and Columbia condemned a permanent easement of 1.75 acres and temporary easements of 2.68 acres across the Landowners' 56.8-acre Property, but the parties went to trial over the amount of just compensation.

To assist the jury in determining the impact of the easement on the Property's value, Columbia called two experts who testified that the easement decreased its value by $31,000.[1] The Landowners testified that they had no current plans to develop the Property and sought to continue using it for outdoor recreation, but they nonetheless

---

[1] This amount consisted of the diminution in fair market value of the property and the cost to replant trees in the temporary easements.

sought to offer expert testimony regarding the value of the lots that could be built and sold on the Property if it were subdivided. The District Court granted Columbia's motion to exclude the testimony regarding lost profits from such development because the Landowners admitted they had no plans or intent to develop the Property. The Landowners were permitted, however, to testify that the partial condemnation reduced the value of the Property by half because it would cut off 40 acres that could be used for residential development.

The Landowners' expert real estate appraiser testified that if the easement could not be crossed by paved roads, the value of the Property following condemnation would be $240,000, but the expert did not testify as to the value of the Property before condemnation. Columbia responded by presenting evidence that development near pipelines is common, that Columbia has a custom and practice of accommodating requests for paved roads to cross its pipelines, and that Columbia was willing to permit a crossing of the easement, but that the Landowners never requested such permission. One Columbia witness testified that in her career with the company handling hundreds of requests, she had never seen such a request denied.

The jury returned a verdict of $47,000 for Appellants consisting of $23,000 for the diminution in fair market value of the Property and $24,000 for the costs for replacing and replanting the trees removed from it.[2]

The Landowners appeal.

---

[2] The judgment was subsequently amended to include interest, for a total final judgment of $48,622.47.

4

II[3]

A

The Landowners argue the District Court erred in excluding expert testimony regarding a valuation of the Property based on its future profitability from residential development. The admissibility of expert testimony is committed to the discretion of the trial court, and we review its ruling for abuse of discretion. United States v. 68.94 Acres of Land, 918 F.2d 389, 392 (3d Cir. 1990) (citing Linkstrom v. Golden T. Farms, 883 F.2d 269, 269 (3d Cir. 1989)).

In condemnation actions under the Natural Gas Act, the landowner has the burden of proving just compensation owed for the condemned property.[4] See United States v. 33.92356 Acres of Land, 585 F.3d 1, 7 (1st Cir. 2009); 68.94 Acres, 918 F.2d at 392. Just compensation is measured by "the fair market value of the property on the date it is appropriated." Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 9-10 (1984) (citations and internal quotation marks omitted). Fair market value is determined by considering the property's "highest and best use," which means that the landowners whose property is condemned must "receive the value of the highest and best use for which the property is adaptable in the reasonably near future from the vantage point of

---

[3] The District Court had jurisdiction under 15 U.S.C. §§ 717 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[4] Federal law governs the measure of just compensation owed to landowners in condemnation actions under the Natural Gas Act. See United States v. Certain Parcels of Land, 144 F.2d 626, 628-30 (3d Cir. 1944) (citing United States v. Miller, 317 U.S. 369, 380 (1943)).

the date of the taking." 68.94 Acres, 918 F.2d at 393 (citing Olson v. United States, 292 U.S. 246, 255 (1934)). The "guiding principle" of just compensation is that the property owner "must be made whole but is not entitled to more." United States v. 6.45 Acres of Land, 409 F.3d 139, 145 n.11 (3d Cir. 2005).

To determine just compensation in a partial condemnation case such as this one, the landowner must establish the "difference between the market value of the entire holding immediately before the taking and the remaining market value immediately thereafter of the portion of property rights not taken." 68.94 Acres, 918 F.2d at 393 n.3. A landowner may establish just compensation through expert testimony as to the property's value before and after the taking, but "mere speculative uses of the property should not be entertained by the factfinder." Id. at 393.

For expert testimony to be admissible under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993), the proffered witness must (1) be qualified, (2) testify about matters requiring scientific, technical, or specialized knowledge, and (3) assist the trier of fact. United States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010). To assist the trier of fact, the expert opinion must "fit," i.e., it must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Id. at 173 (quoting Daubert, 509 U.S. at 591).

Here, the District Court properly exercised its discretion in excluding the Landowners' proffered expert testimony regarding the future profitability of the Property. The Landowners sought to introduce expert testimony concerning the profits they could make if they subdivided the Property and sold the individual lots or sold the whole lot for

6

residential development, even though they had no plans or intent to develop any portion of the Property. Because the Landowners had no intention to develop the Property and had taken no meaningful steps in that direction, any projections regarding subdivision and future sales to be derived therefrom would be speculative. 68.94 Acres, 918 F.2d at 393. The proffered testimony thus failed to fit the facts of the case, and therefore, the District Court properly exercised its discretion in excluding it.[5]

## B

The Landowners next argue the District Court erred in permitting Columbia to submit evidence regarding its custom and practice of accommodating development, including crossings, over its pipeline easements. The Landowners relatedly assert the District Court improperly instructed the jury to assume Columbia would fully utilize all rights to the easement but then instructed the jury it could consider evidence that Columbia had in the past allowed crossings over its pipeline easements. Specifically, at trial, the Court instructed the jury to

> assume Columbia Gas will make the fullest use of the easement taken. You must assume the use of the easement by Columbia Gas will be in a manner as injurious to the landowners' remaining rights in the property as the easement rights taken by Columbia Gas will lawfully permit.

> But Columbia Gas has a defense for which it bears the burden of proof of showing by a preponderance of the evidence that it has granted permission for landowners and would grant permission to these landowners to use the easement consistent with Columbia Gas's approval.

---

[5] To the extent the Landowners challenge Columbia's expert's testimony, we find their challenge without merit.

7

App. 1247. The Landowners objected to the charge, arguing that the Court, not the jury, had to decide whether waiving rights to the easement was legally permitted. The Court responded:

> No. Here's why not . . . because whether it's legally permissible in this case depends on whether the jury believed that Columbia Gas routinely or always [] offered to give the right to cross over the easement.
>
> Your entire case seems to be I can't cross over the easement. Columbia Gas has the right to say yes, you can. And the jury has to decide who to believe there.
>
> Just because the legal document says it doesn't mean Columbia Gas can't waive it. Columbia Gas is saying we're waiving it. . . .

App. 980. The District Court rejected the Landowners' argument that interpreting a legal document concerning Columbia's full rights to the easement was an issue for the Court to decide. It concluded that the issue was whether Columbia could have waived that right, which it properly characterized as "an evidentiary dispute concerning whether the jury thinks there's a waiver" of Columbia's right to bar use of the easement. App. 980. On appeal, the Landowners do not challenge the sufficiency of the evidence regarding the jury's verdict but rather argue that it was improper for the jury to speculate about whether Columbia would waive its right to full use of the easement and allow development over it, and that such speculation may have impacted its verdict. The Landowners also assert that the Court's instructions were erroneous because Columbia's position concerning the use of the easement was unambiguous.

"We review the District Court's decision to admit evidence for abuse of discretion," United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001), and "we exercise

8

plenary review to determine whether jury instructions misstated the applicable law,"

Egan v. Delaware River Port Auth., 851 F.3d 263, 269 (3d Cir. 2017) (citation omitted),

"but in the absence of a misstatement we review for abuse of discretion," Cooper Distrib.

Co. v. Amana Refrigeration, Inc., 180 F.3d 542, 549 (3d Cir. 1999). Here, the District

Court properly exercised its discretion to admit evidence of Columbia's custom and

practice of accommodating crossings over its pipelines and to instruct the jury regarding

the same. The evidence was relevant to calculating just compensation because the

Landowners' expert testified that if the easement could not be crossed by paved roads,

the value of the Property following condemnation would be $240,000. It was therefore

appropriate for Columbia to respond with evidence that it had a custom and practice of

accommodating requests for crossings over its pipelines but that the Landowners had

never made such a request. Moreover, one of Columbia's witnesses testified that

Columbia was willing to accommodate a crossing of the easement on the Property—and

in fact, the witness, who had handled hundreds of requests in her career at Columbia, had

never seen a request for accommodation denied—but that to provide such an

accommodation, the Landowners would need to ask for it. Thus, evidence of Columbia's

custom and practice was relevant to an issue in dispute, namely, the impact of the

easement on the ability to use and enjoy the Property, which in turn affected just

compensation, an issue squarely within the jury's province. Fed. R. Civ. P.

71.1(h)(1)(B).

    Moreover, the instructions were proper because they made clear to the jury that, in

deciding just compensation, it could consider the fact that Columbia had a history of

9

waiving its rights to full use over its pipeline easements and accommodating a property owner's request to develop the area in or around the pipeline, because such accommodations would affect just compensation owed. The instructions were not contradictory and, in light of the evidence Columbia presented, did not lead the jury to speculate as to whether Columbia would grant the Landowners access to the easement. Therefore, the District Court properly exercised its discretion in submitting this issue to the jury and instructing the jury about it.

III

For the foregoing reasons, we will affirm.